J-S03021-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WARREN DAVID YOUNG | : | |
| | : | No. 718 WDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered April 11, 2019
In the Court of Common Pleas of Bedford County Criminal Division at
No(s):  CP-05-CR-0000347-2014

BEFORE:   McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McCAFFERY, J.:                 FILED FEBRUARY 06, 2020

Warren David Young (Appellant) appeals from the order entered in the Bedford County Court of Common Pleas, denying in part and granting in part his first petition for collateral relief under the Post Conviction Relief Act ("PCRA").[1]  Appellant contends the PCRA court erred in denying him relief based on trial counsel's ineffectiveness for failing to present character witnesses at his jury trial.  For the reasons below, we affirm.

In June of 2014, Appellant was charged with numerous sexual offenses, including multiple counts of rape of a child, statutory sexual assault, involuntary deviate sexual intercourse (victim less than 13 years of age),

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

indecent assault (victim less than 13 years of age), and indecent exposure.[2]

In a prior decision, this Court summarized the evidence presented during

Appellant's jury trial as follows:

> The charges stem from Appellant's sexual victimization of his stepdaughter, M.M. The victim testified that she remembered Appellant touching her vagina when she was seven or eight years old. Appellant began performing oral sex on her when she was nine or ten. Appellant also made the victim rub his penis with her hand, and perform oral sex on him. These offenses occurred in the bathroom and bedroom of the family's singlewide trailer, while the victim's older brothers were playing outside. All of the offenses save one occurred when the victim's mother was not at home. The victim eventually divulged Appellant's conduct to her fifth-grade teacher. The teacher took her to the school nurse, who described the victim's account as "[v]ery concerned, very sincere, very questioning." The victim's mother testified that she did not know what to believe about the victim's allegations, but she also testified that she did not know the victim to make up lies.
>
> Appellant testified in his own defense. He claimed he weighed 320 pounds before he went to jail and the acts the victim described in the bathroom of the trailer were physically impossible. Appellant also claimed he had been on blood pressure medication that made it difficult for him to get an erection, such that each act could not have happened within the time span the victim alleged.

Commonwealth v. Young, 1093 WDA 2016 (unpub. memo. at 1-2) (Pa.

Super. Sep. 25, 2017) (record citations omitted).

Appellant's trial counsel called two additional witnesses—Appellant's

half-sister, Mona Young, and friend, Harvey Hann—both of whom testified they

spent considerable time in the trailer where the abuse allegedly occurred, and

never witnessed any inappropriate behavior. N.T. Trial, 3/15/16, at 287-89,

---

[2] 18 Pa.C.S. §§ 3121(c), 3122.1(a), 3123(b), 3126(a)(7), and 3127(a), respectively.

308-09.[3]  However, trial counsel did not present any character witnesses on Appellant's behalf.

On March 15, 2016, the jury found Appellant guilty on all counts. On June 30, 2016, the trial court sentenced Appellant to an aggregate term of 48 to 96 years' imprisonment, and determined that Appellant met the criteria for classification as a sexually violent predator (SVP) under the then-applicable Sexual Offender Registration and Notification Act (SORNA I).  See 42 Pa.C.S. § 9799.24.  Appellant's judgment of sentence was affirmed by this Court on direct appeal.  Young, 1093 WDA 2016 (unpub. memo.).

On May 31, 2018, Appellant filed the present, timely PCRA petition. Counsel was appointed, and filed an amended petition on November 21, 2018, asserting both the ineffectiveness of trial counsel and the illegality of Appellant's classification as an SVP.  The PCRA court conducted a hearing on January 11, 2019.  To support his claim that trial counsel was ineffective for failing to present character evidence at his jury trial, Appellant called two proposed character witnesses—Donna Shover and Shover's 15-year-old daughter, R.S.   Shover testified that both she and her husband were present at Appellant's trial and prepared to testify on his behalf, but trial counsel informed them they "would not be needed."  N.T. PCRA H'rg, 1/11/19, at 35. R.S. testified that Appellant, who was like an uncle to her, babysat her on

---

[3] We note that the trial transcript is dated 12/1/15.  However, a review of the certified record and docket entries reveals the court granted a defense request for a continuance on that date, and after another continuance, Appellant's jury trial was held on March 15, 2016.

occasion. Id. at 45. Both Shover and R.S. testified they knew Appellant to be peaceful and non-violent. Id. at 37, 46.

On April 11, 2019, the court entered an order and opinion, granting in part and denying in part Appellant's PCRA petition. Because the PCRA court agreed that Appellant's designation as an SVP was "rendered an illegal sentence under Commonwealth v. Muniz[, 164 A.3d 1189 (Pa. 2017),] and its progeny[,]"[4] it vacated that part of his sentence, but noted Appellant "shall remain classified as a Tier III offender under [the current SORNA]." PCRA Ct. Op., 4/11/19, at 8-9. The court, however, denied relief on Appellant's ineffectiveness claims. Appellant filed this timely appeal, and complied with the PCRA court's order to submit a Pa.R.A.P. 1925(b) statement of matters complained of on appeal.

In his sole issue on appeal, Appellant argues the PCRA court erred when it denied relief on his claim that trial counsel was ineffective for failing to call character witnesses at his sexual assault trial. Appellant's Brief at 4.

Our review of an order denying PCRA relief is well-established.

> "To the extent review of the PCRA court's determinations is implicated, an appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and

---

[4] In Muniz, the Pennsylvania Supreme Court held the retroactive application of SORNA I's registration requirements constituted an unconstitutional ex post facto punishment. Muniz, 164 A.3d at 1193, 1211. Thereafter, this Court, relying upon Muniz, held SORNA I's statutory procedure for designating a defendant as an SVP was also "constitutionally flawed." Commonwealth v. Butler, 173 A.3d 1212, 1218 (Pa. Super. 2017), appeal granted, 190 A.3d 581 (Pa. 2018).

reviews its conclusions of law to determine whether they are free from legal error." The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

Commonwealth v. Spotz, 84 A.3d 294, 311 (Pa. 2014) (citations omitted).

Moreover, "[t]he PCRA court's credibility determinations, when supported by the record, are binding on this Court." Commonwealth v. Medina, 92 A.3d 1210, 1214 (Pa. Super. 2014) (en banc).

Where, as here, the claim alleges the ineffective assistance of trial counsel, the petitioner has the burden to prove all three prongs of the ineffectiveness test:

(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

Commonwealth v. Sandusky, 203 A.3d 1033, 1043 (Pa. Super. 2019), appeal denied, 216 A.3d 1029 (Pa. 2019). The failure to prove any one prong is fatal. Commonwealth v. Stewart, 84 A.3d 701, 706 (Pa. Super. 2013) (en banc). Furthermore,

[i]n establishing whether defense counsel was ineffective for failing to call witnesses, appellant must prove:

(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

Commonwealth v. Treiber, 121 A.3d 435, 463-64 (Pa. Super. 2015) (quotations omitted).

Pursuant to the Pennsylvania Rules of Evidence, a criminal defendant is permitted to present evidence of his character traits, so long as those character traits are pertinent to the crimes charged. Pa.R.E. 404(a)(2)(A).

> The rationale for the admission of character testimony is that an accused may not be able to produce any other evidence to exculpate himself from the charge he faces except his own oath and evidence of good character.

> It is clearly established that evidence of good character is to be regarded as evidence of substantive fact just as any other evidence tending to establish innocence and may be considered by the jury in connection with all of the evidence presented in the case on the general issue of guilt or innocence. "Evidence of good character is substantive and positive evidence, not a mere make weight to be considered in a doubtful case, and, . . . is an independent factor which may of itself engender reasonable doubt or produce a conclusion of innocence." Evidence of good character offered by a defendant in a criminal prosecution must be limited to his general reputation for the particular trait or traits of character involved in the commission of the crime charged. . . . Such evidence must relate to a period at or about the time the offense was committed, and must be "established by testimony of witnesses as to the community opinion of the individual in question, not through specific acts or mere rumor."

> In a rape case, evidence of the character of the defendant would be limited to presentation of testimony concerning his general reputation in the community with regard to such traits as non-violence or peaceableness, quietness, good moral character, chastity, and disposition to observe good order.

> This court has made clear that "[i]n a case . . . where intent and credibility are decisive factors leading to either acquittal or conviction, the accused's reputation is of paramount importance. Indeed, evidence of good character may, in spite of all evidence to the contrary, raise a reasonable doubt in the minds of the jury."

Commonwealth v. Luther, 463 A.2d 1073, 1077–78 (Pa. Super. 1983). (citations omitted and some emphasis added).

Here, Appellant contends character testimony was crucial to his case because the jury's verdict rested solely upon its credibility assessment of the victim. Appellant's Brief at 18. Accordingly, relying upon Commonwealth v. Weiss, 606 A.2d 439 (Pa. 1992), and Commonwealth v. Hull, 982 A.2d 1020 (Pa. Super. 2009), Appellant asserts trial counsel was ineffective for failing to call any character witnesses at trial. He maintains that, during the PCRA hearing, counsel "failed to articulate any reasonable basis for failing to call character witnesses," and "[h]ad character witnesses been presented, the outcome unmistakably could have been different[.]" Appellant's Brief at 20, 26.

With regard to the missing witness test, Appellant maintains that both Donna Shover and Shover's daughter, R.S., "presented viable character testimony" at the PCRA hearing, and the trial transcript establishes counsel knew, or should have known, of the existence of these witnesses at the time of trial. Id. at 25. Moreover, Appellant insists he was prejudiced by counsel's inaction, because "character witnesses are of upmost importance" in a case such as this, "which relied on the credibility of a minor victim," and evidence of his "good character and lack of a criminal record . . . would have bolstered his defense." Id. (internal punctuation omitted).

In denying Appellant relief, the PCRA court concluded that while Appellant may have been able to prove the first four elements of the missing witness test, "he [was] clearly unable to prove the critical final element[,]" prejudice. PCRA Ct. Op. at 5. Specifically, the court found the "quality of

[Appellant's proposed] good character evidence to be poor, rendering it utterly inconsequential to altering the outcome of [Appellant's] trial." Id. at 6. The court opined:

> Upon our observation of both proffered witnesses, their testimony presents as vague and not credible. Neither proffered witness is able to give specifics in their testimony. Moreover, their testimony is seemingly limited to [Appellant's] interaction with a single child, [R.S.].

Id. Moreover, the PCRA court noted the two defense witnesses who did testify at trial, Mona Young and Harvey Hann, essentially provided de facto good character testimony. See id. at 7 Therefore, the court also concluded Appellant's "new good character witnesses would merely be cumulative in nature[.]" Id.

Upon our review, we find no basis to disturb the ruling of the PCRA court. While we agree with Appellant that this claim has arguable merit, and counsel had no reasonable basis for failing to present good character evidence at trial,[5]

---

[5] We note the PCRA court credited trial counsel's testimony at the PCRA hearing that: (1) "to his recollection, he called all of the witnesses [Appellant] requested him to" and (2) "he did not recall meeting the proffered character witnesses at trial [because] if he had, he would have called them as witnesses." PCRA Ct. Op. at 5 n.4. While we generally defer to the PCRA court's credibility determinations on appeal, here, the court's finding is not supported by the record, at least with respect to potential witness Donna Shover. See Medina, 92 A.3d 1210, 1214. Indeed, the trial transcript reveals that after the Commonwealth closed its case-in-chief, the trial court asked defense counsel who he intended to call as witnesses for the defense. Counsel responded: "I'm going to call Mona Young, and then Randy and Donna Shover and Harvey Hann." N.T. Trial at 282 (emphasis added). However, counsel never called either Randy or Donna Shover as a witness. Nevertheless, it is evident trial counsel was at least aware Shover was a potential witness at trial.

we nevertheless conclude Appellant has failed to prove he was prejudiced by counsel's inaction.

First, the PCRA court explicitly found the proposed character testimony "not credible." PCRA Ct. Op. at 6. As we explained above, we are bound by the PCRA court's credibility determinations that are supported by the record. Medina, 92 A.3d at 1214. Here, the court described Shover and R.S.'s testimony as "vague" and "seemingly limited to [Appellant's] interaction with a single child, [R.S.]" PCRA Ct. Op. at 6. We agree. Moreover, we conclude the testimony offered by Shover and R.S. at the PCRA hearing would not have constituted proper character evidence. See Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa. Super. 2012) ("This Court may affirm a PCRA court's decision on any grounds if the record supports it.").

Our Supreme Court has explained that "[c]haracter evidence is not the opinion of one person or even a handful of persons, but must represent the consensus of the community." Commonwealth v. Keaton, 45 A.3d 1050, 1074 (Pa. 2012) (citation omitted). In Keaton, the Court rejected the defendant's claim that his trial counsel was ineffective for failing to present character witnesses, because the proposed witnesses' affidavits "did not aver they were aware of [the defendant's] reputation in the community for peacefulness and non-violence, but only that their opinion was he was such a person." Id. (footnote omitted). See also Commonwealth v. Johnson, 27 A.3d 244, 248-49 (Pa. Super. 2011) (denying claim that counsel was ineffective for failing to call character witnesses; although proposed witnesses

testified as to their belief that petitioner was not guilty "because he always acted appropriately around children in the family," none testified as to his "general reputation for having chastity as a character trait"). The same is true in the present case.

At the PCRA hearing, Shover testified that she would have been willing to be a character witness for Appellant if she had been called at trial. N.T. PCRA Hrg. at 35-36. Thereafter, the following exchange took place:

> [PCRA Counsel:] Can you describe for the court what you know to be [Appellant's reputation] such as being law abiding and peaceful in a brief statement?
>
> [Shover:] I never known him to be in trouble with the law. He's always. (sic) Kids, everybody seemed to love [Appellant] that I've been around. He actually lived with my husband, my daughter, and myself for a period of time.
>
>                     * * *
>
> Q. Did you ever have any trouble with [Appellant] specifically to your kids?
>
> A. No.
>
> Q. Would you describe [Appellant] as having good character?
>
> A. Yes.
>
> Q. Would you describe [Appellant] as being law abiding?
>
> A. Yes.
>
> Q. Would you describe [Appellant] as being peaceful?
>
> A. Yes.
>
> Q. Would you describe [Appellant] as being non-violent?
>
> A. Yes.

Id. at 36-37. Similarly, PCRA counsel asked R.S. if she knew Appellant to be peaceful and non-violent, to which she replied, "Yes." Id. at 46.

Neither witness offered proper character testimony at the PCRA hearing. As noted above, the "opinion of one person" does not constitute proper character evidence. Keaton, 45 A.3d at 1074. Rather, evidence of a defendant's good character "must be limited to his general reputation for the particular trait or traits of character involved in the commission of the crime charged . . . [and] must be established by testimony of witnesses as to the <u>community</u> opinion of the individual in question, not through specific acts or mere rumor." Luther, 463 A.2d at 1077-78 (some emphasis added). Here, both Shover and her daughter testified as to their own opinion of Appellant, but not as to his reputation in the community as a peaceful, non-violent citizen. Because Appellant failed to present proper character testimony at the PCRA hearing, we conclude he is entitled to no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2020

- 11 -